IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLAISE A. MCGOVERN, | |
| Plaintiff, | Civil Action |
| | No. 12-3579 (JBS/KMW) |
| v. | |
| SOUTHWEST AIRLINES, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** Chief Judge:

This matter comes before the Court on Defendant Southwest Airlines' ("Southwest") Motion to Dismiss [Docket Item 4], which will be granted. The sole issue before the Court is whether the New Jersey Law Against Discrimination ("NJLAD") applies against Defendant. The NJLAD does not apply because Plaintiff was exclusively employed in Pennsylvania, not New Jersey, and, therefore, Plaintiff's claims must be dismissed. The Court finds as follows:

1. Plaintiff Blaise A. McGovern commenced this action by filing a Complaint [Docket Item 1, Ex. A] in the Superior Court of New Jersey, Law Division, Camden County. Defendant Southwest removed the action to this Court. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a New Jersey resident, Defendant Southwest is incorporated in and has its principal place of business in Texas, and Plaintiff has alleged

1

over $75,000 in damages.

    2.    Plaintiff began working for Defendant Southwest on April 27, 2011 as a ramp supervisor at the Philadelphia International Airport.[1] (Compl. ¶¶ 4-5.) Plaintiff alleges that he was subjected to abusive, harassing, and homophobic conduct and comments. (Compl. ¶ 6.) Plaintiff reported the harassment to his supervisors and, as a result, he began to receive threatening and harassing phone calls and text messages. (Compl. ¶ 13.) Plaintiff was terminated on August 9, 2011, after making a written complaint regarding the harassment. (Compl. ¶ 15.) Plaintiff makes claims under the New Jersey Law Against Discrimination ("NJLAD") against Southwest for harassment, hostile work environment, and unlawful termination. Plaintiff also sued John Doe and ABC Entity Defendants to reserve the right to add more named Defendants.

    3.    Defendant Southwest filed a Motion to Dismiss [Docket Item 4] because Plaintiff's employment was exclusively in Philadelphia and, therefore, the NJLAD does not apply.

    4.    Plaintiff filed Opposition [Docket Item 8], arguing that the harassment extended beyond the place of employment, i.e., Pennsylvania, and was felt in Plaintiff's home state, i.e., New Jersey, because he received harassing phone calls, threats,

---

[1] As this action is before the Court on a motion to dismiss, the Court accepts as true all factual allegations in the Complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

and text messages at his home. Plaintiff argues that the facts of this case merit a choice of law analysis that results in the application of New Jersey's law because New Jersey has the most significant relationship to the facts of the case and Plaintiff has an interest and expectation in being protected from harassment while in his home in New Jersey.

5.   A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in light most favorable to the plaintiff, the court concludes that the plaintiff fails to set forth a claim upon which relief may be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

6.   New Jersey courts have consistently applied the law of the state of employment to claims of workplace discrimination and, therefore, only apply the NJLAD if the claimant was employed in New Jersey. See, e.g., Buccilli v. Timby, Brown & Timby, 283 N.J. Super 6, 10-11 (App. Div. 1995) (a New Jersey resident, employed in Pennsylvania, could not assert a claim under the NJLAD against a law firm even though it had offices in New Jersey); Satz v. Taipina, 2003 WL 22207205, at *18 (D.N.J. 2003) (plaintiff could not assert a claim under the NJLAD where defendants had offices in New Jersey, but plaintiff worked exclusively in Pennsylvania and Delaware); Brunner v. Allied Signal, Inc., 198 F.R.D. 612, 613-14 (D.N.J. 2001) (the NJLAD

3

does not apply to claims brought by a New Jersey resident against a New Jersey company when claimant was employed exclusively in Pennsylvania).

7. The rationale behind the application of the law of the state of employment is to protect employers from the potential unfairness of having to comply with several different legal regimes merely because they may have employees that reside in different states. See Buccilli at 11 (noting that "making the rights of each of several co-workers dependent on his or her state of residence would be an entirely unreasonable result"). In other words, "[l]ooking to the state of employment ensures that the law in the jurisdiction with the strongest interest in the outcome of the litigation controls." Weinberg v. Interep Corp., CIV. 05-5458 (JBS), 2006 WL 1096908, *7 (D.N.J. Apr. 26, 2006).

8. There are exceptions to the general rule: An out-of-state defendant may be held liable under the NJLAD if New Jersey's contacts to the factual scenario are sufficient. Bowers v. Nat'l Collegiate Athletic Ass'n, 151 F. Supp. 2d 526, 531 (D.N.J. 2001). Cases that have applied the NJLAD to an out-of-state employer have involved non-trivial employment responsibilities in New Jersey. For example, in McDonnell v. State of Illinois, 163 N.J. 298 (2000), the New Jersey Supreme Court affirmed the Appellate Division's holding that the NJLAD applies to a New Jersey resident's employment claims against the

State of Illinois where the New Jersey resident worked in the Illinois Department of Revenue's New Jersey field office. The McDonnell case involved full-time employment in New Jersey. In Weinberg, the Court held that a Plaintiff who was employed in Pennsylvania but conducted five percent of his sales in New Jersey could not assert NJLAD claims because his New Jersey sales were not a substantial fraction of his business and did not "transform his place of employment from Pennsylvania to his customers' locations in New Jersey." Weinberg at *6. In Karykous v. Sbarro, Inc., CIV. 06-2452 (AET), 2006 WL 2690287 (D.N.J. Sept. 19, 2006), the District of New Jersey found that the plaintiff had not established sufficient contacts with New Jersey because "none of [plaintiff's] duties were required to be performed in New Jersey." Id. at *3.

9. Essentially, there are no cases applying the NJLAD to out-of-state employers unless the Plaintiff has significant employment responsibilities in New Jersey. In this case, Plaintiff has not alleged that he had any employment responsibilities in New Jersey. He argues that the NJLAD should apply to his employer because he received harassing text messages and phone calls while he was in New Jersey, but he has cited no cases supporting an expansion of the NJLAD's reach based upon the location at which a plaintiff received discriminatory comments. In addition, expanding the NJLAD's reach based on the location

where a plaintiff received harassing messages would contravene the policy articulated in Buccilli, namely to protect employers from the potential unfairness of having to comply with several different legal regimes merely because they may have employees that reside in different states.

10.  Plaintiff has cited several non-employment cases that do not support applying the NJLAD to these circumstances. The bulk of Plaintiff's opposition relies on Blakey v. Continental Airlines, Inc., 751 A. 2d 538 (N.J. 2000), in which the New Jersey Supreme Court held that personal jurisdiction may exist in New Jersey over defendants who posted harassing comments on an internet message board that the defendant sponsored. The Blakey plaintiff was based in Newark, New Jersey. Blakey does not support the application of the NJLAD to the facts of this case, in which Plaintiff was not employed in New Jersey and in which Defendant has not challenged personal jurisdiction.[2] Plaintiff argues that an employer is responsible for harassment that occurs outside the workplace. The Blakey court noted that "harassment by a supervisor that takes place outside of the workplace can be actionable." Blakey at 57. But the issue here is not whether the

---

[2] The Court notes that Blakey was published in 2000, before many of the cases that the Court cites in support of the proposition that the NJLAD does not apply to out-of-state employment. Satz was published in 2003, Brunner in 2001, Weinberg in 2006, and Karykous in 2006.

harassing messages and phone calls are actionable; the issue is whether they are actionable under the NJLAD. Plaintiff's NJLAD claims must be dismissed because the NJLAD does not apply to Plaintiff's employment in Pennsylvania.[3]

11.  Defendant Southwest's Motion to Dismiss is granted. Plaintiff's claims against Southwest will be dismissed. If a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). In this case, amendment would be futile because Plaintiff acknowledged that his employment was based in Philadelphia. Plaintiff's claims are dismissed with prejudice.

12.  In addition, because Plaintiff has not identified any John Doe or ABC Entity Defendants and no named Defendants remain in the action, the Court will terminate this action.

13.  The accompanying Order will be entered.

**January 8, 2013**               **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge

---

[3] Plaintiff conducts a lengthy choice-of-law analysis to assert that New Jersey should supply the rule of decision. The Court finds that a choice-of-law assessment is unnecessary because, as explained above, there is no basis to assert New Jersey law against Plaintiff's employer when Plaintiff was exclusively employed in Pennsylvania.